# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

COREY JONES, #39329-039,

      Petitioner,

v.                                                                   Case Number: 08-CV-13624
                                                                            Honorable Julian Abele Cook

L. C. EICHENLAUB,

      Respondent.

_____/

## OPINION AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I. INTRODUCTION

Petitioner Corey Jones, a federal prisoner currently incarcerated at the Federal Correctional Institution (FCI) in Milan, Michigan, filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241. He was sentenced on February 6, 2007, by this Court, to seventy-seven months in prison, after he pleaded guilty to illegally possessing a firearm, in violation of 18 U.S.C. § 922(g)(1). In his *pro se* pleadings, Petitioner argues that he did not receive "fair treatment" of his request for a *nunc pro tunc* designation of the state institution for service of his federal sentence.[1] For the reasons stated below, the Court will deny the petition.

---

[1] Pursuant to the Federal Bureau of Prisons Inmate Locator, Petitioner's release date is September 28, 2012.

## II. BACKGROUND[2]

On June 24, 2004, Petitioner was arrested by the Detroit police for possession of a firearm. According to the petition, the state-firearm charge was dropped, but he was imprisoned for a State of Michigan parole violation. Petitioner remained in state custody until he was again paroled on February 27, 2007, but he appeared in federal court by writ on several occasions during that time, resulting in the conviction on which he is now incarcerated.

On February 27, 2007, the state released Petitioner on parole, and he was remanded into the custody of the United States Marshals Service to begin service of his federal sentence. The Bureau of Prisons prepared a sentence computation for Petitioner, commencing his federal sentence upon his release from state custody (February 27, 2007), and estimating the maximum possible good-time credit he may earn during his federal sentence.

Subsequently, Petitioner filed his administrative-remedy requests and appeals to the Warden, Regional Director, and Central Office, asking the Bureau of Prisons to designate the state institution *nunc pro tunc* as the institution for service of his federal sentence so that he could receive credit against his federal sentence for all the time he served on his state-parole-violation sentence. His request and appeals for administrative remedy were denied.

---

[2]This background is taken almost verbatim from the government's response. The Court appreciates the government's effort in accurately marshaling the pertinent facts and procedural history, as well as attaching all of the relevant documents.

## III. DISCUSSION

Petitioner argues that he did not receive "fair treatment" of his request for a *nunc pro tunc* designation of the state institution for service of his federal sentence. A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *Perez v. Hemingway,* 157 F.Supp.2d 790, 793 (E.D. Mich. 2001). Pursuant to 18 U.S.C. § 3585, the Attorney General is responsible for sentence computation decisions. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). *See generally*, *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). This authority has been delegated to the Federal Bureau of Prisons. 28 C.F.R. § 0.96.

Title 18 U.S.C. § 3585 states:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The underlying principle of this statute is that a federal sentence commences when the

defendant is received by the Attorney General of the United States for service of his federal sentence. *Pinaud v. James*, 851 F.2d 27, 30 (2d Cir. 1988); *Chambers v. Holland*, 920 F.Supp. 618, 621 (M.D. Pa), *aff'd*, 100 F.3d 946 (3d Cir. 1996).

The earliest date a sentence can begin is the date it is imposed. *Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983); *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980) (citation omitted). A consecutive sentence imposed on a defendant already in state custody, however, cannot commence until the state authorities relinquish the prisoner on satisfaction of the state obligation. *Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992) (citations omitted); *Hernandez v. United States Attorney General*, 689 F.2d 915, 918 (10th Cir. 1982).

In this case, at the time of his federal sentencing on February 6, 2007, the state had not yet relinquished custody over Petitioner. Therefore, Petitioner was still in primary state jurisdiction and the federal government had only obtained temporary custody of him pursuant to a writ of habeas corpus *ad prosequendum*. A federal sentence does not begin to run when a federal defendant is produced for prosecution by a federal writ. *Thomas v. Whalen*, 962 F.2d at 361 n. 3; *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991).

State authorities retain primary jurisdiction over the prisoner and federal custody does not commence until the state relinquishes the inmate on satisfaction of the state obligation. *Rios v. Wiley*, 201 F.3d 257, 274, *overruled on other grounds*, (3d Cir. 2000) (citing *Jack v. Herschberger*, 173 F.3d 1059, 1061 n. 1 (7th Cir. 1999); *Chambers*, 920 F.Supp. at 622; *United States v. Smith*, 812 F.Supp. 368, 371-72 (E.D.N.Y. 1993)); *Thomas v. Whalen*, 962

4

F.2d at 360. The sovereign that first arrests the offender has primary jurisdiction over the offender unless that sovereign relinquishes it to another sovereign by, for example, bail release, dismissal of state charges, parole release, or expiration of sentence. *Rios*, 201 F.3d at 274; *Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998); *Chambers*, 920 F.Supp. at 622; *Smith*, 812 F.Supp. at 370.

In this case, the State of Michigan did not relinquish primary jurisdiction over Petitioner until February 27, 2007, the date he was paroled on his state sentence. It was only on that date that state authorities relinquished their custody over him and federal authorities took primary jurisdiction over Petitioner.

Therefore, the earliest that Petitioner's federal sentence could have begun was the date he was sentenced by this Court on February 6, 2007. Moreover, the federal sentence could not begin until the state relinquished custody of him and released him to the custody of federal officials for the purpose of serving his federal sentence. *Chambers*, 920 F.Supp. at 622; *Smith*, 812 F.Supp. at 370. In this case, the State did not relinquish custody over Petitioner until he was re-paroled.

In addition, if the federal judgment and commitment order is silent and state authorities have primary jurisdiction over the defendant, the presumption is that the federal sentence will run consecutively with the state sentence regardless of which sentence was imposed first. This presumption is drawn from 18 U.S.C. § 3584(a), which generally requires consecutive service of sentences imposed at different times unless the court specifies concurrent service.

In this case, the judgment is silent on the issue of concurrent sentences. That is, there is no indication that this Court intended the federal sentence to be concurrent with the state-parole-violator sentence. Petitioner argues that he was entitled to a concurrent sentence by the terms of his plea agreement. The language of that agreement, however, provides only that Petitioner "may argue for" a concurrent sentence. It did not bind the Court to impose a concurrent sentence, and obviously, this Court chose not to do so.

As a matter of discretion, the Bureau of Prisons did consider Petitioner's request for a *nunc pro tunc* designation pursuant to *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990). Such a request, for concurrent service of the state and federal sentences, is a request for retroactive (concurrent) designation, where the Bureau of Prisons would designate the State of Michigan for service of Petitioner's federal sentence. The decision to make a *nunc pro tunc* designation is based on a review of all relevant factors under 18 U.S.C. § 3621(b). There was no indication here that either the state or federal sentencing judges intended to have Petitioner's sentences run concurrent and crediting the parole-violator term against his federal sentence would result in double counting in violation of 18 U.S.C. § 3585(b). *See Wilson*, 503 U.S. at 337.

Against that backdrop, the Court finds that the Bureau of Prisons properly computed Petitioner's sentence and decided that he was not entitled to a *nunc pro tunc* designation of the state institution. Therefore, the petition for habeas corpus is denied.

### IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004); *Hervey v. United States,* 105 F.Supp.2d 731, 736 (E.D. Mich. 2000)

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS SO ORDERED**.

S/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
UNITED STATES DISTRICT JUDGE

DATED: July 1, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 1, 2010.

s/ Kay Doaks
Case Manager